| aEstado Libre Asociado de Puerto Rico TRIBUNAL DE APELACIONES PANEL XI | | |
|---|---|---|
| LUNA RESIDENTIAL III, LLC PETICIONARIOS V. MIEMBROS DE LA SUCESION DE GUSTAVO CORUJO RAMSEY, YOLANDA GARRIDO PEREZ, CORUJO GARRIDO, SOCIEDAD LEGAL DE BIENESS GANANCIALES Y OTROS RECURRIDOS | KLCE202400217 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guaynabo Civil Núm.: GB2018CV00917 Sala:207 Sobre: Ejecución de Hipoteca-Ordinaria, Cobro de Dinero (Ordinario) Ejecución de Hipoteca-Propiedad Residencial |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 23 de abril de 2024.

Comparece Luna Residential III, LLC (Luna Residential o la peticionaria) y solicita la revocación de la *Orden* post sentencia emitida el19 de enero de 2024, por el Tribunal de Primera Instancia, Sala de Guaynabo, (TPI o foro primario) notificada el 22 de enero de 2024. Mediante la referida *Orden*, el foro primario dejó sin efecto la Sentencia en Cobro de Dinero y Ejecución de Hipoteca emitida el 27 de octubre de 2024, a favor de Luna Residential, tras la peticionaria solicitarle al TPI la sustitución de parte, post sentencia, luego de transferir su acreencia a Estrella Homes III, LLC.y la omisión de Luna Residential a evidenciar la fecha exacta de la cesión a Estrella Homes III, LLC.

Por los fundamentos que pasamos a exponer expedimos el auto de *certiorari* y revocamos la Orden recurrida.

El 27 de octubre de 2023, el foro primario emitió Sentencia en Cobro de Dinero y Ejecución de Hipoteca a favor de Luna Residential, en la que ordenó a los miembros de la sucesión de Gustavo Corujo Ramsey, (los recurridos), a pagarle a la peticionaria, como acreedora, las sumas de

dinero adeudadas por concepto de dos préstamos contraídos por los recurridos, representados por pagarés hipotecarios endosados en blanco.[1] Luna Residential transfirió su acreencia a Estrella Homes III, LLC y solicitó al foro primario la sustitución de parte, post sentencia.

El 17 de noviembre de 2023, Luna Residential presentó *Segunda Solicitud de Sustitución de Parte por Cesión de Interés* en la que nuevamente informó que cedió su derecho sobre la creencia en el caso objeto de la Sentencia de 27 de octubre de 2023 a Estrella Homes III, LLC, y solicitó la sustitución de parte post sentencia a tenor con las Reglas 22.1 y 22.3 de Procedimiento Civil, 32 LPRA Ap. V. Rs. 22.1 y 22.3.[2]

El 17 de noviembre de 2023, el TPI emitió *Orden,* notificada el 21 de noviembre de 2023, en la que requirió a Luna Residential acreditar la fecha exacta de la cesión.[3] El 1 de diciembre de 2023, Luna Residential presentó ante el TPI *Moción en Cumplimiento de Orden* en la que **alegó** que la cesión de Luna Residential a Estrella Homes III, LLC. se realizó el 4 de noviembre de 2023.[4] Mediante *Orden* de 1 de diciembre de 2023, notificada el 5 de diciembre de ese año el foro primario ordenó a Luna Residential evidenciar la fecha exacta de la cesión.[5]

El 8 de diciembre de 2023, Luna Residential presentó ante el foro primario escrito intitulado *Cumplimiento de Orden* al que anejó una Declaración Jurada prestada por el Lcdo. Rafael Hernández Miranda ante la notaria Heike M. Tzieply, en la que bajo juramento, este declara ser firmante autorizado de Estrella Homes III, LLC e informa que el 4 de noviembre de 2023**,** Estrella Homes III, LLC adquirió todo interés de Luna Residential en el préstamo objeto del litigio.[6]

Mediante *Orden* emitida y notificada el 11 de diciembre de 2023, el foro primario dispuso que **aunque tomaba conocimiento de la**

---

[1] La sentencia fue notificada por Edicto el 30 de octubre de 2023. *Véase* páginas 556-564 del *Apéndice* del *Recurso de Certiorari*.
[2] Véase página 557-558 del Apéndice del Recurso de Certiorari.
[3] *Véase* página 565 del *Apéndice* del *Recurso de Certiorari*.
[4] *Véase* páginas 566-567 del *Apéndice* del *Recurso de Certiorari.*
[5] *Véase* página 570 del *Apéndice* del *Recurso de Certiorari*
[6] *Véase* páginas 571-574 del *Apéndice* del *Recurso de Certiorari*

**declaración jurada, Luna Residential debía proveer el documento donde consta la cesión del crédito, que evidencie la fecha alegada**.[7]

El 20 de diciembre de 2023, Luna Residential presentó ante el TPI *Reconsideración y Reiterando Cumplimiento de Orden* al que anejó los pagarés endosados **sin que en ellos constara la fecha de la cesión**. Sobre esos extremos, argumentó la peticionaria, que el pagaré hipotecario endosado a favor de persona determinada se transfiere mediante endoso y Luna Residential razonó que como anejó los pagarés hipotecarios endosados a favor Estrella Homes III, LLC., había presentado evidencia del endoso por lo que quedó acreditada la cesión y que procedía la sustitución de parte solicitada. [8]

Así las cosas, mediante *Orden* de 19 de enero de 2024, notificada el 22 de enero de 2024, el TPI dejó sin efecto la Sentencia emitida el 27 de octubre de 2023 a favor de Luna Residential. Razonó el TPI que la negativa de Luna Residential a evidenciar la fecha de la cesión a Estrella Homes III, LLC, tiene el efecto de no probar la legitimación activa de esta última. En cuanto a la solicitud de sustitución de parte el TPI, en consideración a la cesión de interés acreditada mediante pagaré endosado, el foro primario autorizó la sustitución de Luna Residential por Estrella Homes III, LLC, e instruyó a esta a promover su causa de acción en treinta (30) días.[9]

En desacuerdo Luna Residential compareció ante nosotros mediante *Recurso de Certiorari,* al que anejó una *Moción en Auxilio de Jurisdicción.* En el *Recurso de Certiorari* Luna Residential sostiene como único error del foro primario lo siguiente:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA Y ACTUÓ CONTRARIO A DERECHO AL DEJAR SIN EFECTO LA SENTENCIA EN EL CASO DE EPÍGRAFE, LA ÚNICA CONSECUENCIA DE LA SOLICITUD DE SUSTITUCIÓN DE PARTE ES APROBARLA NO DEJAR SIN EFECTO LA SENTENCIA

---

[7] *Véase* página 577 del Apéndice del *Recurso de Certiorari*.
[8] *Véase* páginas 579-594 del Apéndice el *Recurso de Certiorari.*
[9] *Véase* páginas 597-598 del Apéndice el *Recurso de Certiorari*

El 21 de febrero de 2024, emitimos *Resolución* en la que declaramos No Ha Lugar a la *Moción en Auxilio de Jurisdicción* presentada por la peticionaria y concedimos a los recurridos un término de diez (10) días para presentar su oposición a la expedición el auto de *certiorari.* Transcurrido en exceso el término reglamentario concedido sin que los recurridos comparecieran, disponemos del recurso de epígrafe sin el beneficio de su comparecencia.

II

Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari*. *JMG Investment, Inc. v. ELA et al.*, 203 DPR 708, 718 (2019). El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020).

Las Reglas de Procedimiento Civil establecen que el Tribunal de Apelaciones expedirá el recurso de *certiorari* cuando el peticionario recurra de una resolución u orden sobre remedios provisionales, *injunctions* o de la denegatoria de mociones dispositivas. *Íd.* En ese sentido, el auto de *certiorari* es limitado y excluye aquellas determinaciones interlocutorias que pueden esperar hasta la determinación final del tribunal para formar parte de un recurso de apelación. *Íd.*; *IG Builders et al. v. BBVAPR*, 185 DPR 307, 336 (2012). El delimitar la revisión a instancias específicas tiene como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp.*, et al., 202 DPR 478 (2019).

Ahora bien, la Regla 52.1 de Procedimiento Civil de 2009, *supra*, establece excepciones que permiten la revisión de: (1) decisiones sobre admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos

relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) casos de relaciones de familia; (5) asuntos de interés público y (6) situaciones en la cuales esperar a la apelación constituye un fracaso irremediable a la justicia. *800 Ponce de León v. AIG*, supra.

La Regla citada no contempla los dictámenes posteriores a la sentencia, por lo que, el Tribunal de Apelaciones viene obligado a atender rigurosamente la expedición del recurso de *certiorari* con el fin de evitar un fracaso de la justicia. *IG Builders et al. v. BBVAPR*, supra, pág. 339. De imponerse las limitaciones de la Regla 52.1, *supra*, a la revisión de dictámenes post sentencia, tales determinaciones inevitablemente quedarían sin posibilidad alguna de revisión apelativa. En tal sentido, es preciso enfatizar que, si bien el auto de *certiorari* es un mecanismo procesal discrecional, dicha discreción del foro revisor no debe hacer abstracción del resto del derecho. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019).

El examen que hace este Tribunal previo a expedir un *certiorari* no se da en el vacío, ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra. Véase, además, Mun. de Caguas v. JRO Construction, supra.* A fin de que, este Tribunal pueda ejercer su discreción de manera prudente, la Regla 40 del Reglamento de Apelaciones, *supra*, R. 40, establece los criterios que deberán ser considerados al determinar si procede o no expedir un auto de certiorari*. Véase, Mun. de Caguas v. JRO Construction, supra,* pág. 712. Los criterios establecidos en la Regla son los siguientes*:*

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estos criterios nos sirven de guía para poder determinar si procede o no intervenir en el caso en la etapa del procedimiento en que este se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De esta manera, el foro apelativo deberá ejercer su facultad revisora solamente en aquellos casos que se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Citibank et al. v. ACBI et al.*, 200 DPR 724 (2018).

B

Sabido es que los tribunales solo pueden resolver casos que sean justiciables. *Bhatia Gautier v. Gobernador*, 199 DPR 59, 68 (2017); *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 931 (2011). El principio de la justiciabilidad gobierna el ejercicio de la función revisora de los tribunales, fijando la jurisdicción de estos. Conforme a dicho principio, los tribunales limitan su intervención a resolver controversias reales y definidas que afectan las relaciones jurídicas de partes antagónicas u opuestas. *Super Asphalt v. AFI y otro*, 206 DPR 803, 815 (2021); *U.P.R. v. Laborde Torres y otros I*, 180 DPR 253, 279-280 (2010); *E.L.A. v. Aguayo*, 80 DPR 552, 583-584 (1958). Así, pues, los tribunales debemos evaluar estos requisitos de origen constitucional antes de considerar y pronunciarnos sobre los méritos de una controversia. *Íd.*

Como elemento esencial para la adjudicación de los méritos de una controversia, el principio de justiciabilidad impone a los tribunales el deber de evaluar si la parte que acude ante nuestra consideración posee

legitimación activa legitimación activa o *standing*. *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727, 738-739 (2022); *Hernández Torres v. Gobernador*, 129 DPR 824, 835 (1992). El Tribunal Supremo de Puerto Rico ha definido la legitimación activa como "**la capacidad que se le requiere a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante**". *Íd.*, citando a *Ramos, Méndez v. García García*, 203 DPR 379, 394 (2019); *Bhatia Gautier v. Gobernador*, supra, pág. 69. El propósito de la legitimación activa es que el tribunal se asegura de que la parte reclamante tiene un interés genuino, va a perseguir su causa vigorosamente y que todos los asuntos pertinentes serán presentados ante la consideración del juzgador. *Pérez Rodríguez v. López Rodríguez et al.*, 210 DPR 163, 178-179 (2022).

## C.

En lo pertinente, la Regla 15.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 15.1, establece que todo pleito civil, se tramitará a nombre de la persona que por ley tenga derecho a lo que reclama. La Regla 5.1 supra, dispone expresamente lo siguiente:

**Regla 15.1 Legitimación activa.,**

**Todo pleito se tramitará a nombre de la persona que por ley podrá demandar sin el concurso de aquella para cuyo beneficio se hace la reclamación**; ……..No se desestimará un pleito por razón de no haberse tramitado a nombre de la persona que por ley tiene el derecho que se reclama hasta que, luego de levantarse la objeción, se haya concedido un tiempo razonable para que la persona con derecho ratifique la presentación del pleito, o se una al mismo, o se sustituya en lugar de la parte promovente y tal ratificación, unión o sustitución tendrá el mismo efecto que si el pleito se hubiese incoado por la persona con derecho.

La sustitución es un mecanismo procesal incorporado en las Reglas de Procedimiento Civil. 32 LPA Ap. V, R. 22. Mediante la sustitución de parte, una parte en un pleito es sustituida por otra que ocupa su posición. Puede ser necesario, por la muerte de una de las partes, incapacidad, cesión de interés o por disposición de ley. La Regla 22.3 de Procedimiento

Civil, 32 LPRA Ap.V. R.22.3 dispone en lo pertinente a la sustitución por cesión de interés lo siguiente:

> En caso de cualquier cesión de interés, podrá continuarse el pleito por o contra la parte original a menos que el tribunal, previa solicitud al efecto, disponga que el (la) cesionario(a) sea sustituido(a) en el pleito o acumulado(a) a la parte original. La solicitud será notificada conforme se dispone en la Regla 22.1 de este apéndice.

En los *Comentarios* a la Regla 22.3 de Procedimiento Civil, *supra*, se hizo constar lo siguiente:

> **Comentarios a la Regla 22.3**
>
> **I. Procedencia**
> Esta regla corresponde a la Regla 22.3 de Procedimiento Civil de 1979, y es equivalente a la Regla 25 (c) de Procedimiento Civil Federal
>
> **II. Alcance**
> El texto de la regla de 1979 se mantuvo inalterado.
> La sustitución cuando ocurre una cesión de interés es discrecional. No es indispensable verificar la sustitución del cesionario por el cedente como parte,porque una vez el bien o crédito litigioso es cedido esta regla permite que el caso se continúe a favor o en contra del titular original, o sea del cedente. Como la sustitución en estos casos no es compulsoria no procede desestimar una demanda instada contra el cedente por falta de parte indispensable, por no haberse incluido al cesionario.[10]

Sobre estos extremos, es doctrina reiterada que **la sustitución de una parte original cuando ocurre una cesión de crédito o de un bien, es optativa**. *Mun. de San Juan v. Bosque Real SE*, 158 DPR 743, 759 (2003). Esto se debe a que el trámite procesal para sustituir a una parte en nada afecta los derechos sustantivos de las partes. *Mun. de San Juan v. Bosque Real SE*, *supra* a la pág. 759.

### D.

La Ley Núm. 208-1995, conocida como *Ley de Transacciones Comerciales*, según enmendada, 19 LPRA sec.401 *et seq.*, se adoptó para simplificar, clarificar y modernizar el derecho que rige las transacciones comerciales, uniformar el derecho entre las diversas jurisdicciones

---

[10] *Véase, Comentarios a la Regla 22.3,* TRIBUNAL SUPREMO DE PUERTO RICO SECRETARIADO DE LA CONFERENCIA JUDICIAL Y NOTARIAL MARZO DE 2008

existentes y permitir la continua expansión de las prácticas comerciales. Sec. 102 de la *Ley de Transacciones Comerciales, DLJ Mortgage v. SLG Santiago-Ortiz.*202 DPR 950-963 (2019); *Cruz Consulting v. El Legado et al.*, 191 DPR 499, 508-509 (2014).

La Sección 2-104 de la *Ley de Transacciones Comerciales* , define instrumento negociable como una promesa u orden incondicional de pago de una cantidad específica de dinero si: (1) es pagadero al portador o a la orden al momento de su emisión; (2) es pagadero a la presentación o en una fecha específica, y (3) no especifica otro compromiso o instrucción por parte de la persona que promete u ordena el pago que no sea el pago del dinero. 19 LPRA sec. 504. La promesa de pago puede contener un compromiso adicional de dar colateral para garantizar el pago sin que esto afecte la negociabilidad del instrumento. 19 LPRA sec 504 (a)(3)(A). Por lo tanto, un pagaré garantizado por una hipoteca puede ser un instrumento negociable porque el compromiso de ofrecer como colateral la hipoteca para garantizar el pago no afecta su negociabilidad. *Des. Caribe v. Ven Lour Enterprises*, 198 DPR 290 ,299 (2017). Un instrumento puede ser negociado de tenedor a tenedor sucesivamente. *Id.* Para negociar un instrumento pagadero a la orden de una persona identificada se requerirá la cesión de la posesión del instrumento y el endoso por el tenedor presente a favor del cesionario. 19 LPRA sec. 551.

Cuando se trata de la cesión de un instrumento negociable, el Artículo 2-203 de la *Ley de Transacciones Comerciales*, 19 LPRA sec.553(a) dispone que la cesión ocurre mediante entrega o endoso del instrumento, como sigue:

> (a) Se cede un instrumento cuando se entrega por una persona que no sea su emisor con el propósito de darle a la persona que lo recibe el derecho a exigir el cumplimiento del instrumento

De igual forma, el inciso (b) del Artículo 2-203 de la *Ley de Transacciones Comerciales*, dispone que "[l]a cesión del instrumento, sea esta una negociación o no, confiere al cesionario cualquier derecho del

cedente a exigir el cumplimiento del instrumento, incluyendo cualquier derecho que tuviese como tenedor de buena fe." 19 LPRA sec.553(b).

En lo pertinente, la Sección 2-204 (c) de la *Ley de Transacciones Comerciales*, 19 LPRA sec.554 (c) dispone que "[p]ara efectos de determinar si un cesionario de un instrumento es un tenedor, un endoso que cede una garantía inmobiliaria sobre el instrumento tiene el efecto de un endoso incondicional del instrumento." El inciso (a) de la Sección 2-204(a) de la *Ley de Transacciones Comerciales*, 19 LPRA sec.554 (a) define endoso como sigue:

> *(a) Endoso.-* Significa una firma, que no sea la de un signatario como firmante, librador o aceptante, que por sí sola o acompañada de otras palabras se añade en un instrumento con el propósito de: (1) negociar el instrumento, (2) restringir el pago del instrumento,o (3) incurrir en la responsabilidad del endosante respecto al instrumento, pero independientemente de la intención del signatario, una firma y las palabras que la acompañen es un endoso a menos que las palabras que acompañan la firma, los términos del instrumento, el lugar donde esá la firma u otras circunstancias no ambiguas indiquen que la firma fue puesta con un propósito distinto al de u endoso. Para el propósito de determinar si una firma está añadida en un instrumento, un papel adherido al instrumento se considera parte del instrumento.

19 LPRA sec. 504.

Sobre estos extremos, en *Des. Caribe v. Ven Lour Enterprises*, *supra,* a la pág. 299 (nota al calce) el Tribunal Supremo hizo constar lo siguiente.

> La cesión de la posesión y el endoso son los *únicos* requisitos que impone la ley para la negociación de un instrumento negociable pagadero a la orden. Debido a que el único requisito para la negociación de un instrumento pagadero a la orden es la cesión de la posesión y su endoso por el tenedor, el pagaré hipotecario que cumpla con los requisitos de ser instrumento negociable se podrá negociar sin el consentimiento de los hipotecantes.

### D.

Una sentencia no surtirá efecto hasta archivarse en autos copia de su notificación a todas las partes y el término para apelar empezará a transcurrir a partir de la fecha del archivo. Regla 46 de Procedimiento Civil, 32 LPRA Ap.V. R. 46.. La efectividad de la sentencia incide en su ejecutoriedad, no en su validez. Así surge de la Regla 46 de Procedimiento

Civil, *supra,* donde se indica que si se incumple con el trámite de notificación de sentencias, estas no surtirán efecto alguno, ni podrán ser ejecutadas. *Falcón Padilla v. Maldonado Quirós,* 138 DPR 983, 990 (1995).

La Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2 establece el mecanismo procesal disponible para solicitar el relevo de los efectos de una sentencia cuando está presente alguno de los fundamentos allí enumerados. Este remedio permite al tribunal hacer un balance entre dos intereses en conflicto: de una parte, que toda litigación sea concluida y tenga finalidad, y de otra, que en todo caso se haga justicia. ***Náter v. Ramos****,* 162 DPR 616, 624 (2004). En lo aquí pertinente, la Regla 49.2 dispone lo siguiente:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
> […]
> (d) Nulidad de la sentencia;
> […]
> La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seris (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para:
>
> > (1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;
>
> […]

A pesar de la liberalidad con que se requiere que se interprete la Regla 49.2, *supra*, esta no constituye una llave maestra para reabrir controversias, ni sustituye el remedio de reconsideración o el recurso de apelación. Esto quiere decir que la Regla no está disponible para alegar cuestiones sustantivas que debieron ser planteadas mediante otros remedios o recursos. ***García Colón et al. v. Sucesión González****,* 178 DPR 527, 541 (2010).

Salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha, el relevar a una parte de los efectos de una sentencia es una decisión discrecional. ***Náter v. Ramos****, supra,* pág. 624. La propia Regla

reconoce la facultad del tribunal para conocer un pleito independiente cuando el promovente plantea la nulidad de la sentencia. Al respecto, el Tribunal Supremo ha expresado que

> [e]l esquema amplio y abarcador de remedios que provee la Regla 49.2 reduce considerablemente el ejercicio de esta acción independiente a los casos en que ha transcurrido el término fatal de seis meses y las circunstancias sean de tal índole que el tribunal pueda razonablemente concluir que mantener la sentencia constituiría una grave injusticia contra una parte que no ha sido negligente en el trámite de su caso y que, además, tiene una buena defensa en los méritos. *Figueroa v. Banco de San Juan,* 108 DPR 680, 689 (1979).

Surge claramente de lo anterior que la posibilidad de instar un pleito independiente se reserva para situaciones excepcionales en que es imposible solicitar el relevo dentro del mismo pleito. Por lo tanto, la reserva de la acción independiente está predicada en la justicia fundamental de la reclamación. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Publicaciones JTS, 2011, T. IV, págs. 1416-1417.

III

Es la contención principal del peticionario en el recurso de epígrafe que incidió el foro primario al dejar sin efecto la Sentencia en cobro de dinero y ejecución de hipoteca emitida a su favor, luego de la cesión del pagaré hipotecario a Estrella Homes III, LLC. Razona Luna Residential que el hecho de que se transfirieran los pagarés a otra entidad después de emitida la sentencia no crea controversia alguna que requiera dejarla sin efecto y tampoco es un asunto sobre el cual el foro primario, antes o después de dictar sentencia pueda pedir otra prueba, que no sea el propio pagaré. Argumenta además, la peticionaria que habiéndose acreditado la cesión del pagaré mediante endoso y al haber ordenado el TPI la sustitución de parte post sentencia, es contrario a derecho dejar sin efecto la Sentencia emitida a favor de Luna Residential, toda vez que la única consecuencia de la solicitud de sustitución de parte es que se autorice la misma y no que se dejara sin efecto la Sentencia.

En el caso que nos ocupa, el foro primario autorizó la sustitución de parte post sentencia en consideración a la cesión de interés acreditada mediante pagaré endosado. Sin embargo, el 19 de enero de 2024, el TPI dejó sin efecto la Sentencia en cobro de dinero y ejecución de hipoteca emitida el 27 de octubre de 2023, a favor de Luna Residential por no acreditarse la fecha exacta de la cesión a Estrella Homes III, LLC. E e instruyó a esta última a promover su causa de acción en treinta (30) días. Interpretó el TPI que la negativa de Luna Residential a revelar la fecha exacta de la cesión tiene el efecto de no evidenciar su legitimación activa al momento de dictarse la sentencia el 27 de octubre de 2023.

Como cuestión de umbral es preciso destacar que su legitimación activa la probó Luna Residential durante el procedimiento que culminó en la Sentencia a su favor, ya que durante el procedimiento demostró ser el tenedor de los pagarés que garantizaban la deuda de los recurridos.

Ahora bien, en lo concerniente a la interrogante esbozada por el foro primario en la Orden recurrida, como fundamento para dejar sin efecto la sentencia, resaltamos que la Regla 22.3 de Procedimiento Civil, 32 LPRA Ap.V. R.22.3 dispone en lo pertinente a la sustitución por cesión de interés que "[**e]n caso de cualquier cesión de interés, podrá continuarse el pleito por o contra la parte original a menos que el tribunal, previa solicitud al efecto, disponga que el (la) cesionario(a) sea sustituido(a) en el pleito o acumulado(a) a la parte original.**"

Sobre estos extremos en los Comentarios de Reglas de Procedimiento Civil sobre la Regla 22.3, supra, se hizo constar que "no es indispensable verificar la sustitución del cesionario por el cedente como parte, porque una vez el bien o crédito litigioso es cedido esta regla permite que el caso se continúe a favor o en contra del titular original, o sea del cedente" Además, es doctrina reiterada que **la sustitución de una parte original cuando ocurre una cesión de crédito o de un bien, es optativa**. Véase, *Mun. de San Juan v. Bosque Real SE, supra* a la pág. 759.

Es decir que en todo caso, independientemente de la fecha exacta de la cesión, a conforme a lo dispuesto en la Regla 22.3 , *supra*, no existe la posibilidad de que la parte original, en este caso Luna Residential, pierda su legitimación activa en el pleito objeto de la Sentencia dictada a su favor y dejada sin efecto, por haber cedido el pagaré inclusive durante el pleito.

La Sentencia de 27 de octubre de 2023, que dejó sin efecto el foro primario mediante la Orden recurrida, fue notificada por Edicto el 30 de octubre de 2023.  Por consiguiente, para el 19 de enero de 2024, fecha en que fue emitida la Orden recurrida que la dejó sin efecto ya la Sentencia era final y firme.  Hay además, ausencia de controversia en cuanto a que dicha sentencia se dictó con la evidencia que demostró, a satisfacción del tribunal, que Luna Residential era el tenedor de los pagarés al momento de dictarse la Sentencia. La cesión y transferencia de los pagarés a Estrella Homes III, LLC, por parte de Luna Development con posterioridad a la fecha en que el foro primaro emitiera la referida Sentencia a favor de la peticionaria, no creó controversia alguna que requiriera que el TPI la dejara sin efecto. Además, al haber sido emitida el 27 de octubre de 2023, notificada por Edicto el 30 de octubre de 22023, su finalidad para el 19 de enero de 2024, fecha en que el foro primario emitió la Orden recurrida, es incuestionable.

En el caso que nos ocupa tampoco está presente asunto alguno referente a la falta de efectividad de la Sentencia emitida por el TPI a favor de Luna Residential.  La referida Sentencia fue emitida el 27 de octubre de 2023 por el foro primario y notificada por Edicto el 30 de octubre de 2023 siendo esta final, firme y ejecutable.

En ausencia de una moción de relevo presentada por alguna parte al amparo de la Regla 49.2 *supra*, para dejar sin efecto dicha sentencia emitida a favor de Luna Development por alguna causal allí establecida, y ante la inexistencia de causa de nulidad alguna que justificara la determinación del TPI de dejar sin efecto una Sentencia final y firme, concluimos que el foro primario se excedió en el ejercicio de su discreción

y  sobre esos extremos la Orden recurrida  es contraria a lo dispuesto en nuestro ordenamiento procesal civil.

Con estos antecedentes y tras evaluar detenidamente el recurso presentado por la parte peticionaria, somos del criterio de que procede expedir del auto de *certiorari* solicitado por Luna Residential y revocar en parte la Orden recurrida.

IV

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Sentencia, se expide el auto de *certiorari* solicitado por Luna Residential a los únicos efectos de revocar aquellos extremos de la *Orden* recurrida en los que el foro primario **dejó sin efecto la Sentencia final y firme, emitida por el TPI el 27 de octubre de 2023**, en el caso con designación alfanumérica GB2018CV00917, notificada por edicto el 30 de octubre del mismo año.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones